The next matter, number 25-1090, United States v. Diego Fernandez-Santos. At this time, would counsel for the appellant please introduce himself on the record to  Good morning, Judge Alpine. May it please the court, AFPD Samuel Carrion on behalf of the appellant Diego Fernandez-Santos. With the court's permission, I'd like to reserve two minutes for rebuttal. The district court in this case committed two core errors, the first of which was finding a grade A violation based upon knowing possession of a machine gun, and the second of which was reaching a five-year statutory maximum sentence based on the off-limits retributive factors under the Supreme Court's Esteras decision. Turning first to the grade A finding, in this case the district court at the revocation sentencing mentioned that it had relied on two key facts to infer knowledge or to infer that Mr. Fernandez had possessed knowledge of the characteristics of the machine gun. The first of which was that it had a visible switch to set the rifle on safety, semi-auto, and automatic settings. The second of which was Mr. Fernandez's prior 2014 conviction, which was for possession of a subcompact, semi-automatic Smith & Wesson pistol. That's it. Now, prior to the revocation hearing, the prosecution submitted a six-exhibit motion in which it purported to rely on the testimony excerpts from a collateral trial that took place a month earlier, it concluded. That trial ultimately was- You're saying it's a collateral trial, but the trial was for those weapons. And then the evidence, I believe, was suppressed, the case was dismissed, but the judge did see evidence in that trial that pertained to your same client. Those same facts. Yes, Judge Harvey. So Mr. Fernandez was charged with 922-0, unlawful possession of a machine gun, and 922-G1. The case was ultimately dismissed for government discovery issues, disclosure issues. However, in the run-up to the sentence, when the prosecution submitted those excerpts and actually quite literally highlighted portions of the testimony that it was going to rely on, in its motion it represented, it cited this court's case from Fredrickson, and it cited a Seventh Circuit case. In Fredrickson, this court mentioned that in assessing the trial record that it was going to use for the revocation proceeding, that it depended on or relied heavily on the trial testimony as proffered, as proffered by the parties. And then the government in that case went on to call two witnesses. In this case, the government called no witnesses. In fact, before, and I was revocation counsel, before I proceeded to present the probation officer as a witness, I asked the court to clarify whether or not the government was planning on putting on a case, because it was their burden. And the government reiterated that it was going to essentially rest its case on the transcripts that were submitted in support. The problem- But you're not saying what's wrong with that? The problem with that, Your Honor, is that there was one page of testimony from a government expert. His name was Ariel Perez. He testified at trial. The excerpt consisted of one page, and that one page of testimony only led to his conclusion that the rifle at issue was a machine gun. It did not support any of the findings of the district court in terms of that there was a visible switch to set, and I say switch, that was the court's word. But it's really what it was, was a lever. And if the court were to reach that expert's testimony, which is in the trial transcript at docket 218 of case 2363, this is a trial transcript, the court would find that that was not a testimony upon which the court could reliably find that this was, in fact, that Mr. Fernandez did, in fact- Okay, but let me also remind you, this is a supervised release violation. We're dealing with preponderance of the evidence. It's not beyond a reasonable doubt. If you're making those arguments for sufficiency of the evidence, it's an issue. But how within the preponderance standard can't the judge consider that? I take the court's point that it is a difficult hill to climb, but even at the preponderance standard, the court cannot consider or should not consider clearly erroneous facts to come to the conclusion that Mr. Fernandez possessed this knowledge. Counsel, can I just point you to, I understand your argument that the district court focuses on the switch or the lever, if you say, and when I read the testimony that the government introduced into the record, it was based on something else. It seems to have been also the agent saying that it was only after firing it or disassembling it or some additional steps that they were able to conclude that this was a machine gun. But don't we have case law saying that courts, district courts can rely on their own common sense and knowledge? And so what exactly would you say is wrong about what the district court did here? Because as I understood the district court's conclusion, it was that looking, just looking at the gun, there was a visible switch or lever that indicated it could be used as a machine gun and putting that together with the fact that your client was somebody who was familiar with firearms. That was sufficient under a preponderance to establish his mens rea. So can you just say, what do you think is wrong about that? Well, and given the amount of ammunition that was found in the parcel. Yeah, I think Judge Rickleman, I take that point and I want to address the ammunition as well, Judge Thompson, but first in terms of why it was wrong. So the lever itself, and if we even look at that testimony from the expert that wasn't submitted in the revocation, the lever itself was, didn't contain any writing that said in a typical, perhaps a M16 rifle, auto, semi-auto safety. No, it didn't say anything. There were just, his testimony was that there were little dashes, little dashes, and there was no other indication that this was in fact some type of lever that would permit automatic shoot or that would allow the weapon to fire automatically. And I think it's very important to note that. Did you say that that is evidence that was not submitted for the violation? It was not submitted as part of that government six exhibit motion, that testimony. Why are you arguing it if it wasn't part of the court's evidentiary consideration? Well, that's... You didn't submit it either. No, Your Honor, and it wasn't our burden to do so. Once it was clarified that that testimony was not submitted, obviously the defense's strategy was crafted, was premised on the belief that, and this was undisputed, that mens rea for this violation was required, for this machine gun possession was required. And so if they're going to submit just one page of the expert's testimony, that the record would not support a finding that Mr. Fernandez, even with a nine-year-old conviction for possession of a subcompact pistol, would not have the knowledge to allow him to know that this rifle, whose internal mechanism is the sear's inside of the rifle, it's not like a Glock pistol where you have a protrusion and it's visible, which takes it out of the line of precedent like Mata Quinones or the other cases. Counsel, so what you're arguing to us is that the district court's finding, factual finding, that by looking, just looking at the gun, it was clear that it had a switch or a lever that allowed it to be used as a machine gun, that that is just clearly erroneous because his own perception was insufficient to substantiate that finding given the record in this case? Judge Ruckelman, if I can understand the question, it was clearly erroneous because there was no testimony submitted in the revocation hearing that permitted a finding that there was a visible lever. But that's what I'm asking. Why was it clearly erroneous for the judge to rely on his own perception? According to the... We weren't there, obviously, but according to the transcript, the district court says, I can look at this gun and I see this switch or lever. And when you put that together with somebody who has knowledge of firearms, and as Judge Thompson noted, there's also ammunition that was found with it, that's enough. So just can you pinpoint for me what is clearly erroneous about that? His perception is clearly erroneous. He shouldn't have relied on his perception at all. What would you say is the clearly erroneous aspect of that determination? Because a lever, I see that I'm out of time. Can I just answer the question? Because a switch or lever in and of itself gives no indication as to whether or not, for example, a semi-automatic rifle is, it's merely just a lever for safety and for fire. To extrapolate from safety and for fire that this is also for automatic fire is stacking an inference upon an inference. And that's just clearly wrong. It would be nice to just get a really specific answer to what Judge Rickleman is asking you, which is why can't, why is it erroneous to, for the court to have relied upon its own perception of what the gun did? Why was that? Why was it improper for the court to make that, that finding based upon the court's personal experience? Well, I'm not quite sure the transcript reflects, the record reflects that the district court was relying on his personal experience with, with rifles, but even assuming, even assuming that the court was. The court relied on his perception of what the, how the gun manifested itself in terms of the court observing the lever. Right. So, so.  And the court determined that the lever, in fact, is what made it semi and then an automatic firing weapon. So based upon, and that's why this is very difficult to tease out because there was testimony at trial about what this lever did and did not do, but, but assuming that even that testimony was not considered. And the court is just looking at a lever and saying, my knowledge says that this is an, there's nothing about that lever that would say, there's no writing that says auto, semi-auto safety. There's nothing about that lever that would indicate that it is just, that is nothing other than just a safety and a fire mechanism. And I think trying to bridge that gap by saying the court's personal knowledge, well, the court didn't say that. And so we're left with a record where, and I believe sister counsel will talk about this, that the, that, that the gap is bridged by this expert's testimony. But the problem with that is that A, it wasn't submitted, but B, if the court looks at the totality of that expert testimony, it's not, it's not as a, it's not a smoking gun, so to speak as to Mr. Fernandez's knowledge. And for that reason. You're saying that what the courts, what the court perceived was not a reasonable inference. Not just from a lever, your honor. It wasn't. Thank you. Let me ask you counsel one, if you have the other argument, if you could let us know, where do you get that for the sentencing guidelines? You need a mens rea requirement to figure out it's a machine gun. It's not in the guidelines. So first and foremost, this was undisputed. So to the extent that it was raised in a response brief, we'd ask that the court, much like it did in a similar case, and just assumed that mens rea was required in the 924c machine gun context. We'd ask that the court do that in this case, because we don't have a record as to disputing whether or not mens rea was required or it wasn't. It was just assumed and the court assumed that it was. Be that as it may, we think that it would be a natural progression from the Supreme Court's precedent in Staples, this court's precedent in Perez-Gro, now to the supervised release context. If we think about what supervised release is for, even if you take away retribution, if it's deterrence, if it's rehabilitation, if it's incapacitation, why would the guidelines suggest a higher sentencing guideline range if it wasn't based upon some type of conduct, some type of bad intent behind possessing this weapon? If it was a strict liability offense, why would this extra incarceration... It's not an offense, it's a violation. Somebody's on supervision because he or she's been convicted. It's a little different. It is a little different, but it still calls for more... Essentially, it would call for more and increased time in prison. We believe that this is not a difference in kind, but in degree. And so when we have a case where it's 18 to 14 on a grade B, which jumps up to 30 to 37 months in prison for a grade A, that it would be a little bit of an anomaly not to require some type of knowledge as to this weapon's characteristics. Because otherwise, what would be the need for greater deterrence? What would be the need for greater incapacitation? It is the knowledge... Is there a better argument if you're tying it up to substantive reasonableness? Well, I do think that... We did cite a case, Wickshaw, from the Fifth Circuit. It was a similar case in which the Fifth Circuit was imputing a knowledge requirement to the definition or a mens rea requirement for the definition of robbery, even though the guidelines don't necessarily have that. And just because a statute, I believe the Supreme Court said, just because a statute doesn't have an explicit mens rea doesn't mean that there isn't one. And also, this guideline has sat side by side with Staples for over 30 years. If the commission wanted to make this a strict liability offense, it could have written that into the guideline and it chose not to. Okay, thank you. You have two minutes for rebuttal. Thank you. Thank you, counsel. At this time, would counsel for the government please come to the podium and introduce herself on the record? Welcome back, counsel. Third case this week for you. Thank you, your honor. Good morning, your honors. May it please the court. Maria Luther for the government. The court should defer Mr. Fernandez's revocation sentence as both procedurally and substantively reasonable because the district could properly determine a grade A violation here and sufficiently explain why an upwardly variant sentence was warranted. Now, I would like to start by responding to Judge Halpe's question towards the end of my brother's counsel's argument with regard to the mens rea and grade A violation. The government's position here is that there is no requirement for mens rea or knowledge for the grade A violation to apply for a possession of a machine gun. The plain language of the guidelines state that there needs to be a conduct constituting a felony offense that involves a possession of a machine gun. And that felony offense does not need to have as an element a machine gun or possession of a machine gun. There is no requirement for that to be there. And for example, in this specific circumstances, Mr. Fernandez was also charged with felony possession of a firearm, 922 G1, which satisfies the conduct constituting a felony offense part of the guideline. And in this specific case, Mr. Fernandez happened to possess a machine gun, which satisfies the second part of the subsection three part that involves a possession of a machine gun. Counsel, why hasn't the government really waived this particular argument? Because, you know, I read the transcript and it was quite clear that the government never raised this below. And in fact, the whole case was litigated with the understanding that mens rea was required. The district court made that finding. It really, it seems like waiver. So what is your position on that? The government recognizes that it did not raise this argument below, but here the government is bringing this argument before this court because this is the clearest path to affirmance, most straightforward path to affirmance. And it deals with the interpretation of the guideline that this court reviews de novo. And this court can affirm on any basis apparent on the record. And that is the government's position that here the grade A violation does not require a knowledge requirement. You are right that we, of course, can generally affirm based on any basis apparent from the record, but we don't generally do that on waived arguments. And so why, why didn't the government waive this argument? I mean, this case went on for quite some time. There are some, you know, extended proceedings. There was extended argument about whether the mens rea requirement was met all along. The government was very clear that the mens rea was required here. The government recognizes that that wasn't an issue before the district court. Again, that is some, that's the clearest path of affirmance here. I do recognize the concern Your Honor is voicing. The government's position here is that there was no mens rea requirement and that's the clearest path of affirmance based on the record here. And it's also supported by application notes one and five, that reading. What you're saying is that even though the government may have been incorrect below, we still have to apply the guideline as is and not put that requirement because it's really a legal matter. That is precisely correct, Your Honor. That's precisely the government's position in this case. However, here, the district court also went a step further. The district court here made a knowledge determination here. So even assuming there was a knowledge requirement here, the district court did not clearly err in determining that Mr. Fernandez had the correct, had the appropriate knowledge to find a machine gun possession. So we could rule that saying even if the guideline were to require, which the government's not conceding, it's still met in this particular case under the evidence presented or considered by the court. Can you repeat the question, Your Honor? Even if, well, that we shouldn't have, even if we construed the guideline for purpose of this argument, that it carried a mens rea requirement, it was met. That's what you're saying, correct? That is exactly, that's precisely the government's position. Without conceding, it's required the mens rea, but even if we were to consider it, it's been met. That is exactly the government's position. And in turning to that knowledge requirement here, I would like to respond to Judge Rickleman's and Judge Thompson's questions about the district court's consideration of the knowledge and the lever on the gun. Here, it was the same district court charge that was present at the trial. The same district court charge saw the evidence in the case, heard the testimony of the witnesses, saw the picture of the gun, and made the determination at the sentencing, at the revocation hearing, that there was the knowledge requirement met because there was a visible lever on the gun taken from safety to automatic mode, to semi-automatic mode. And the district court can, based on its own experience in proceeding in the trial, bring that. And the testimony also supports the district court's determination here. Counsel, can I ask you to, if you could clear up something for me for the record. So I understand there was a trial, but only certain excerpts were submitted in support of the government's case at revocation. I did not see in those excerpts anything about the lever or the switch, whatever is the right terminology for it. And what I did see was testimony by a government expert that, according to my notes, and you can tell me if this is wrong, that the only way to know that this AK-47 could operate in machine gun mode was after some testing that the agent conducted. So is it correct that the record as it was presented to the district court at revocation did not include any testimony about the lever or switch itself, making it clear that this is a machine gun? Is that correct? The government's excerpts did not include that specific part of the testimony. Your Honor. But there are two parts of that testimony. One is discussing the lever, the visible switch from safety to automatic to semi-automatic. And the other part is discussing the sear pin that's in place. The what counsel? The sear pin that's in place that makes it shoot as a machine gun. But the district court focused on the lever that you get from safety to automatic to semi-automatic in making its knowledge determination. And furthermore, to address your question about- Just to clarify, this is what I'm trying to figure out. The district court's conclusion that there was a lever or switch that was visible and that just by looking at it, a person who was familiar with firearms would know that it could operate as a machine gun. That was not based on any record submitted by the government. That was based on the district court's own conclusion by looking at the firearm, correct? The government did not at the revocation here and the government did not submit the excerpts of that testimony, if that's what your honor is asking. No, the government did not submit those excerpts. However, the entirety of the testimony was at issue before the revocation hearing. The judge specifically clarified with the government whether the government was relying on the testimony at the suppression hearing and the trial. And that's on page 97 of the record. And the defense counsel also in making his arguments referenced the entirety of the trial testimony, the four or five days of trial testimony on page 119 of the record. So the parties, aren't we limited to considering what's in the revocation record counsel? In terms of doing a clearly erroneous analysis against record, the record before us is what is introduced at the revocation hearing, correct? The record, yes, that was introduced at the revocation hearing. However, the underlying proceedings, the trial that took place, the parties relied on the trial transcripts at the revocation hearing, even outside of what the government had provided as the exhibits, the government himself provided, government itself provided the testimony outside of those exhibits at the revocation hearing. Are you essentially saying that the references in the revocation transcript, which specifically referenced the trial transcript, were somehow incorporated by reference into the revocation proceeding? The trial transcripts that were referenced at the revocation hearing, I presume they are a part of the revocation hearing record too. They're not unless they were incorporated somehow. That's just Rickleman's point. I mean, if it wasn't somehow brought into the revocation proceeding, then we're limited to the record of the revocation proceeding. Or can Judge Bessosa take judicial notice of that trial proceeding with the same defendant? There's an U.S. attorney and the defendant has the same attorney. I think he can, but the question is, did he? I believe the record is clear that he did because he knows that he made about the lover near verbatim from that testimony, from Agent Paris' testimony. Did he say that though? He, the district judge mentioned that based on trial testimony, the district judge discussed facts of what happened, but when he made the statement of the lover, he did not specifically reference Judge Paris' testimony. But as Judge Helping noted, the district judge can take judicial notice of it. Let me ask because, again, my experience in this district, every time I preside over a case or it could be a change of plea hearing and it ended up with a supervised release, nobody ever challenged that you cannot consider one and the other. Am I correct? That's, at least that's the practice. I believe so, Your Honor. I see that my time is up. May I please respond? And that makes sense here because it was the same parties, it was the same defense counsel, the same government counsel. It was the same judge proceeding in both cases. So it made sense that the district court had in mind how the gun looked like based on the trial testimony. And here it's not only the visible lover, but there was also a self one that was inside Mr. Fernandez's bag. Let me ask also, correct me if I'm wrong, when there's any supervised release violation because there's been another indictment, the supervised release documents that are filed will refer to that also, correct? They generally do, yes. So, Your Honor, there's been a violation of, it could be a different judge, but if it's a different judge or the same judge, but still a reference to the other proceeding. They generally do, Your Honor. And again, here, it was not only the lover, it was Fernandez's self in the bag with the gun. It was the additional ammunition, as Judge Thompson pointed out. And Mr. Fernandez had a prior firearms conviction which showed that he had familiarity with firearms. And at the end of the day, this is a pre-ponderative evidence standard. It's a clear error of view here. And Mr. Fernandez has not established that this district court's finding here smelled like unrefrigerated, why we call that fish. And even if there are two ways to look at the evidence here, if the district court chose one way of looking at the evidence, that does not amount to clear error. Okay, thank you. I just want to, because Brother Counsel a few minutes ago said that he made a strategic decision not to introduce other evidence from the dismissed trial because the burden was on you. And so this issue of what the district court considered is not irrelevant here for our consideration. And so I don't disagree that under certain circumstances, the district court could reference what happened at the other proceeding. But once again, the question is, is there information on the record that the court was taking judicial notice of what happened or did the government request that the court take judicial notice? The government, from my recollection, did not request specifically judicial notice. What the district court did was when it made its knowledge finding, it said there was a visible switch on the gun that took it from safety to automatic to semi-automatic, that there was Mr. Fernandez's knowledge or Mr. Fernandez had prior conviction that inferred knowledge and familiarity with firearms. And in responding to the defense counsel's argument at the end of the hearing about there was no knowledge, the district court judge again stated, the government's burden here was met as to knowledge because there was this obvious switch on the gun. And Mr. Fernandez's prior firearms-related conviction shows that he had familiarity with firearms. So that's what happened at the district court level. The district court noted that the government met its burden. And I guess in effect, it goes to show that he did take judicial notice of the prior proceeding. If the court had, well, the court indicated that in looking at the firearm, the switch indicated that it could go from semi to automatic. Is that a reasonable inference? Just looking at the firearm without any kind of expert testimony? If we don't have expert testimony in the case because it wasn't somehow brought in from the other proceeding, is that a reasonable inference? If the gun has a visible lever that takes the gun from automatic to an automatic and it has a dash line for each mode, the government would submit that that's a reasonable inference. If one has familiarity with firearms, which Mr. Fernandez did in this case. So he had familiarity with one type of a firearm, but there's no evidence that he had familiarity with multiple different types of firearms, is there? He had prior conviction for possession of a firearm. And in this specific case, he also had two different types of firearms. One being the AK-style rifle and the other one being not the AK-style rifle. I cannot recall the exact type of gun, but he had two different types of guns here too. It's a reasonable inference for the district court then to determine, again, here beyond preponderance of the evidence, that the knowledge element had been mapped. Thank you, Your Honors. We ask that this court defer. Okay. Mr. Carrion, you have two minutes. Identify yourself. Good morning again, AFPD Samuel Carrion on behalf of the appellant Diego Fernandez-Santos. I do want to address the court's concern with what was relied on and what wasn't relied on. I think the district court was very clear on 140 of our appendix what it relied on. It said, the court has taken into consideration the factors set forth in 3553A, the testimony of the probation officer and the arguments by counsel and the prosecutor, including those parts of the suppression hearing and the trial, which they mentioned today. So, it was clear that he was relying on what was presented. What was presented was not that expert's testimony. And I submit that it was not a reasonable inference that a lever in and of itself would allow someone to recognize a rifle as an automatic firearm. Also, Mr. Panetta... Counsel, just to clear this up again. So, I'm just, I'm looking at what the government submitted for the final revocation hearing and it files its informative motion and attached to the informative motion are transcripts from both the suppression hearing and the trial. And then at the hearing, the government's counsel makes, I thought made quite clear that those are the only portions of the record that the government is relying on, correct? That was my understanding, yes. Okay. And do you see anywhere else in the revocation hearing transcript where there's a request to take judicial notice of more than what they submitted? No, I didn't find that, Your Honor.  So, also in terms of the amount of ammunition, I just want to point out there was only one magazine. The magazine held 16 rounds of the 7.62 ammunition. While there was a drum magazine in that bag, the drum magazine held 40 caliber rounds. There was testimony that the defense counsel brought out, that I brought out, that that was not compatible with the rifle. That was also not contested. And that was based upon testimony from the officer. I see that I'm out of time, but testimony by the officer who actually recovered the rifle who indicated that the 40 caliber ammunition is not compatible with that rifle. And also that officer who recovered the rifle, an experienced narcotics officer, did not recognize just by picking it up and handling that rifle, himself did not testify, I recognize this to be an automatic rifle. So with that, Your Honor, I do believe that, Your Honors, I do believe that there are some serious mistakes in this record, that the district court, serious mistakes that the district court made. I ask that the court vacate the district court sentence and remand for resentencing. Thank you. Okay. And thank you, both counsel, for your preparation, zealous advocacy as usual. I know you have, your offices have a lot of cases this week. So, thank you. That concludes arguments in this case. Thank you.